**In the Matter of the WELFARE OF K.J.K., JR., a Minor.**

**No. CX–00–1337.**

Court of Appeals of Minnesota.

Jan. 16, 2001.

John J. Muhar, Itasca County Attorney, Michael J. Haig, Assistant County Attorney, Grand Rapids, MN, (for appellant Itasca County Human Services Department).

Steven A. Nelson, International Falls, MN, (for respondent Koochiching County Community Services and mother).

David C. Johnson, Koochiching County Attorney, International Falls, MN, (for Koochiching County Department of Human Services).

Lyndon F. Larsen, International Falls, MN, (for child).

Daniel L. Griffith, Griffith Law Office, International Falls, MN, (Guardian ad litem for child).

Considered and decided by
TOUSSAINT, Chief Judge, HARTEN,
Judge, FOLEY, Judge.*

## OPINION

HARTEN, Judge

A social worker for appellant Itasca County filed a CHIPS petition for K.J.K. in the Itasca County Juvenile Court. Venue was properly transferred to respondent Koochiching County, where, by way of disposition, the Koochiching County Juvenile Court ordered appellant transferring county to continue its legal custody of K.J.K. Because retaining custody in another county is not among the CHIPS proceeding dispositions permitted by Minn.Stat. § 260C.201, subd. 1 (Supp.1999), we reverse and remand.

## FACTS

K.J.K. was born in 1996. In March 2000, a social worker for appellant Itasca County (Itasca) filed a CHIPS petition for him in the Itasca County Juvenile Court. Because K.J.K.'s mother was in the process of moving to respondent Koochiching County, all parties agreed that case should be transferred to Koochiching County.

The Koochiching County Juvenile Court held a dispositional hearing and ordered that Itasca County Human Services (ICHS) retain custody of K.J.K. and produce a case plan for him. ICHS did not comply. Following another hearing, the Koochiching County Juvenile Court ordered that its earlier order remain in force and that personnel from ICHS and Koochiching County Community Services

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to    Minn. Const. art. VI, § 10.

(KCCS) meet and discuss all outstanding issues in the case.

Because ICHS again did not comply, the Koochiching County Juvenile Court ordered it to appear and show cause why it should not be held in contempt for failing to obey the court's orders. At the hearing, the order to show cause was vacated, but the parties came to a joint county stipulation on the pre-appeal responsibilities of ICHS and of KCCS in regard to K.J.K. The stipulation provided that ICHS would retain custody and have responsibility for providing protective services. Appellant challenges the Koochiching County Juvenile Court's orders.

## ISSUE

Does a transfer of venue of a CHIPS proceeding confer on the receiving court jurisdiction to retain custody in the transferring county?

## ANALYSIS

■ The application of law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Commissioner of Revenue*, 488 N.W.2d 254, 257 (Minn.1992). There are no relevant facts in dispute here. Nor is it disputed that the Itasca court properly transferred venue. *See* Minn.Stat. § 260C.121, subd. 2 (Supp.1999) (providing that "[w]hen it appears that the best interests of the child, society, or the convenience of the proceedings will be served by a transfer, the court may transfer the case to the juvenile court of the county of the child's residence."). Further, it is undisputed that the Koochiching County Juvenile Court has the authority to transfer K.J.K.'s custody from ICHS to KCCS.

■ The question before us is whether the Koochiching County Juvenile Court must make that transfer. Minn.Stat. § 260C.201, subd. 1(a) (Supp.1999), provides that, when a child is declared CHIPS, the court shall order one of four dispositions: (1) placing the child, under the protective supervision of the local social services agency, in the home of a parent; (2) transferring legal custody to a child-placing agency or the local social services agency; (3) ordering the provision of special care and treatment; or (4) allowing a child 16 or older to live independently. *See also* Minn.R.Juv.P. 76.05, subd. 2(a) (same). The Koochiching County Juvenile Court satisfactorily explained why the first option was impossible; the third and fourth options were not applicable. Therefore, the Koochiching County Juvenile Court became obliged to take the remaining option, option (2), and transfer legal custody of K.J.K. to a child-placing agency or the local social services agency. Under the plain wording of the statute, KCCS is the local social services agency because it is situated in Koochiching County and works with the Koochiching County Juvenile Court.

Respondent argues that ICHS is the local social services agency because it was the petitioning agency, and cites Minn. Stat. § 260C.201, subd. 1(a)(1), in support. But that statute provides that, at disposition, after a child is declared CHIPS, a court shall, among other options, "place the child under the protective supervision of the local social services agency or child-placing agency * * *." It does not provide that the petitioning agency is the local social services agency; it does not mention the petitioning agency.

Neither on its face nor by interpretation does Minn.Stat. § 260C.201, subd. 1, confer jurisdiction on a juvenile court to dispose of a CHIPS proceeding by assigning custody to the social service agency of another county. Thus, law requires that the Koochiching County Juvenile Court transfer K.J.K.'s custody to KCCS. We reverse and remand to the Koochiching County Juvenile Court with directions to

promptly accomplish that transfer.[1]

**Reversed and remanded.**

1. This opinion does not concern which county is financially responsible for services provided to K.J.K. *See* Minn.Stat. § 256G.02, subd. 4, (2000) (county of financial responsibility).